**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 6:19-cv-574-JDK |
| CITY OF PALESTINE, *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION**

Before the Court is the question of what relief to award Plaintiff Union Pacific in light of the Court's February 3, 2021 Order granting Union Pacific's Motion for Summary Judgment and denying Defendants City of Palestine and Anderson County's Motion for Summary Judgment. Docket No. 65. In its Complaint, Union Pacific seeks declaratory and injunctive relief related to the 1954 Agreement, as well as declaratory and injunctive relief related to the 1914 Decree. Docket No. 1 at 16–17. The Court will grant relief as to the 1954 Agreement because, in express preemption cases, "a finding with regard to likelihood of success fulfills the remaining requirements" of injunctive and declaratory relief *See Tex. Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010). But, for the reasons articulated below, the Court will deny Union Pacific's other requested relief.

## I. BACKGROUND

Union Pacific's Motion for Summary Judgment identified two dispositive issues: "Whether ICCTA preempts the 1954 Agreement both categorically and as applied" and "[w]hether Palestine's defenses . . . fail as a matter of law." Docket No. 39 at 4. Likewise, the City and County presented three issues related to the ICCTA's preemption of the 1954 Agreement, namely: whether the 1954 Agreement is a voluntary contract, is enforceable by a state law or regulation, or is an unreasonable burden on or interference with interstate commerce. Docket No. 42 at 10. Both parties presented evidence and argument concerning the scope of the ICCTA's preemption as to the 1954 Agreement. Docket Nos. 39, 42, 48, 51. Finding that the ICCTA explicitly and impliedly preempts the 1954 Agreement, the Court granted summary judgment in Union Pacific's favor. Docket No. 65 at 25, 31–32, 40–41.

The Parties did not argue—and the Court did not consider—whether the ICCTA preempts the 1914 Decree. Even so, Union Pacific seeks declaratory and injunctive relief as to the 1914 Decree. Docket Nos. 1 at 16–17, 39 at 30. The Court requested supplemental briefing, asking the parties to explain whether and how the 1914 Decree's preemption was argued as a part of this case. With the benefit of the Parties' supplemental briefing (Docket Nos. 67–68) and for the reasons explained below, the Court declines to award relief as to the 1914 Decree.

## II. LEGAL STANDARD

"[T]he scope of injunctive relief is dictated by the extent of the violation established." *ODonnell v. Harris Cnty.*, 892 F.3d 147, 163 (5th Cir. 2018) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)). The Court must "narrowly tailor an

injunction to remedy the specific action which gives rise to the order." *John Doe #1 v. Veneman*, 380 F.3d 807, 818–19 (5th Cir. 2004) (citing *Valley v. Rapides Parish Sch. Bd.*, 646 F.2d 925, 942 (5th Cir.1981)); *accord Scott v. Schedler*, 826 F.3d 207, 211 (5th Cir. 2016). By contrast, an injunction is overbroad when "it exceeds the extent of the violation established." *Id.* (citing *Califano*, 442 U.S. at 702); *accord Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 478 n. 39 (5th Cir. 2020). An overbroad injunction is subject to vacatur. *ODonnell*, 892 F.3d at 163 (citing *John Doe #1*, 380 F.3d at 818).

Likewise, a declaratory judgment is available only where the underlying dispute gives rise to the remedy. A declaratory judgment must both "serve a useful purpose in clarifying and settling the legal relations in issue" and "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 523 (5th Cir. 2016) (quoting *Concise Oil & Gas P'ship v. La. Intrastate Gas Corp.*, 986 F.2d 1463, 1471 (5th Cir.1993)). Prayers for declaratory relief "depend on an otherwise justiciable case or controversy for their vitality." *Lawry v. Bank of New York Mellon Tr. Co., N.A.*, 797 F. App'x 152, 156 (5th Cir. 2019) (per curiam) (citing *Bauer v. Texas*, 341 F.3d 352, 357–58 (5th Cir. 2003)).

## III. ANALYSIS

Union Pacific characterizes its Complaint and briefing as having "always treated the 1954 Agreement and the 1914 Decree as two sides of the same coin." Docket No. 67 at 1. Union Pacific asserts that both its Complaint and summary judgment motion emphasized that, because the 1914 Decree was a precursor to the

1954 Agreement, the ICCTA preempts the 1914 Decree for the same reasons that it preempts the 1954 Agreement. *Id.* at 2–3. Defendants respond that Union Pacific has not offered any evidence that the ICCTA preempts the 1914 Decree and that, under the *Rooker-Feldman* Doctrine and the Anti-Injunction Act, only Texas state courts may amend the 1914 Decree. Docket No. 68 at 2–4.

After carefully reviewing the record, the Court finds that Union Pacific did not plead, prove, or even argue (until its supplemental brief) that the ICCTA preempts the 1914 Decree. Accordingly, the Court denies declaratory and injunctive relief as to the 1914 Decree.

The Court must "narrowly tailor an injunction to remedy the specific action which gives rise to the order." *Veneman*, 380 F.3d at 818. Here, Union Pacific's "specific action" consisted of one count: the ICCTA expressly and impliedly preempts the 1954 Agreement. Docket No. 1 at ¶¶ 40–41. To resolve this action, Union Pacific's Motion for Summary Judgment argued two dispositive issues: the ICCTA preempted the 1954 Agreement as a matter of law and the City and County's affirmative defenses regarding the Agreement failed as a matter of law. Docket No. 39 at 4. The Court considered the parties' arguments and held that the ICCTA expressly and impliedly preempted the Agreement. Docket No. 65 at 21–32.

To be sure, as Union Pacific now argues, the Court's reasoning in analyzing the 1954 Agreement *may* also apply to the 1914 Decree, Docket No. 67 at 3–4, but the preemption of the 1914 Decree was not before the Court. The Court has no discretion to award injunctive relief "beyond the scope of the contract" in dispute—the 1954

Agreement.  *See U-Save Auto Rental of Am., Inc. v. Moses*, 80 F. App'x 929, 930 (5th Cir. 2003) (per curiam).  Because the ICCTA's effect on the 1914 Decree is a separate question not at issue in this case, the Court declines to award injunctive relief as to the 1914 Decree.[1]  *See ODonnell*, 892 F.3d at 163–64.

For many of the same reasons, the Court declines to award declaratory relief as to the 1914 Decree.  Union Pacific requests a declaration that the 1914 Decree is "null and void."  Docket Nos. 1 at 16, 39 at 30.  As explained above, however, the dispositive issue in this case is whether the ICCTA preempted the 1954 Agreement.  Accordingly, a declaration regarding the 1914 Decree would not aid in "clarifying and settling the legal relations in issue," much less "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."  *See Env't Tex. Citizen Lobby*, 824 F.3d at 523.  Because declaratory relief would not clarify the parties' legal relationship, the Court declines to award such relief here.  *See, e.g.*, *Sanchez v. Bank of Am., N.A.*, No. 3:14-cv-2571-B, 2015 WL 418084, at *8 (N.D. Tex. Jan. 30, 2015).

## IV. CONCLUSION

In sum, the Court will grant Union Pacific's requested relief as to the 1954 Agreement but will deny Union Pacific's remaining requested relief.  The Court will separately enter Final Judgment in accordance with this Opinion.

---

[1] Having declined to award injunctive relief as to the 1914 Decree, the Court need not reach Defendants' arguments as to the availability of the disputed relief.  *See* Docket No. 68 at 2–4.

So **ORDERED** and **SIGNED** this **25th** day of **March, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE